# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRIAN A. STOVER,

    Plaintiff,

v.                                               Case No. 2:20-cv-00711

SOUTH CENTRAL REGIONAL JAIL,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    PROCEDURAL HISTORY

On October 26, 2020, Plaintiff filed a complaint (ECF No. 1) alleging that he contracted salmonella poisoning from his food at the South Central Regional Jail ("SCRJ") and was transported to the Charleston Area Medical Center ("CAMC") for treatment. He further claims that, upon his return to the SCRJ, he was refused access to his medical records from the hospital. Plaintiff did not paid the applicable $400 filing fee or filed an Application to Proceed Without Prepayment of Fees and Costs at the time he filed his complaint. Additionally, the complaint named the SCRJ, a non-suable entity, as the sole defendant.

Thus, the undersigned entered an Order and Notice directing Plaintiff to either pay the filing fee or file an Application and granting Plaintiff leave to amend his complaint by November 25, 2020. (ECF No. 3). Plaintiff was also notified of the obligation to keep the court and opposing party advised of any changes to his contact information, including his release from custody. The Order and Notice further notified Plaintiff that the failure to comply therewith would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

On November 16, 2020, Plaintiff filed a completed Application form (ECF No. 4), but failed to file an amended complaint as ordered and he has failed to communicate in any way with the court concerning this matter since that time. Furthermore, Plaintiff is no longer incarcerated at the SCRJ or within any West Virginia Division of Corrections facility and he has not provided the court with any updated contact information as ordered by the court. Thus, his current whereabouts are unknown.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory

fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Due to the plaintiff's failure to file an amended complaint and failure to update his contact information, as ordered, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal, as warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

### III.  FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. It is further respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) be **DENIED**.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with

the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last known address.

April 6, 2022

Dwane L. Tinsley
United States Magistrate Judge